[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13004
Non-Argument Calendar

_____

D.C. Docket No. 8:16-cr-00274-RAL-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH WARD,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 25, 2018)

Before MARTIN, JILL PRYOR and BLACK, Circuit Judges.

PER CURIAM:

Joseph Ward appeals his conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), after a bench trial. Ward contends the district court abused its discretion in denying his pretrial motion for a *Franks*[1] hearing to challenge the affidavit supporting a warrant to search his residence. After review,[2] we affirm the district court.

In *Franks*, the Supreme Court held the Fourth Amendment requires a district court to hold a hearing when a defendant makes a substantial preliminary showing that: (1) a warrant affiant made intentionally false or recklessly misleading statements (or omissions); and (2) those statements, or omissions, were necessary to the finding of probable cause. 438 U.S. 154, 155–56 (1978). The defendant must (1) allege deliberate falsehood or reckless disregard for the truth; (2) specifically point to the allegedly false portions of the warrant affidavit; and (3) provide an offer of proof, including sworn affidavits or otherwise reliable witness statements, or satisfactorily explain the absence of such evidence. *Id.* at 171. If, upon such a showing, the content in the affidavit remains sufficient to support a finding of probable cause, then no hearing is required. *Id.* at 171–72.

---

[1] *See Franks v. Delaware*, 438 U.S. 154, 155-56 (1978) (providing for an evidentiary hearing to challenge the sufficiency of a warrant affidavit based on material false or misleading statements or omissions).

[2] We review for abuse of discretion the denial of a *Franks* hearing. *United States v. Barsoum*, 763 F.3d 1321, 1328 (11th Cir. 2014).

The district court did not abuse its discretion in denying Ward's motion for a *Franks* hearing. Despite making specific assertions regarding the allegedly false statements and material omissions in the affidavit, Ward did not cite to any record evidence, or attach any evidence to his motion supporting his allegations, but merely asserted he relied on "discovery" and "recordings." Despite his attempts to explain the absence of such an offer of proof on appeal, Ward's motion offered no explanation for why the offer of proof was absent, as *Franks* requires.

Additionally, the district court correctly determined that, even if the allegedly false statement was ignored and the allegedly material omissions were included, the warrant affidavit would still be sufficient to establish probable cause. First, Tabitha Higdon's credibility and reliability were irrelevant, as Detective Stephen McInnes's testimony relied on his own observations during his undercover investigation. Second, other unchallenged statements in the affidavit established that McInnes had asked Higdon for methamphetamine on two occasions, and each time she directed him to 9445 Cardy Street, entered the house, returned to McInnes's vehicle after exiting the house, and gave him methamphetamine. Thus, despite the fact McInnes did not observe the drug exchange occur inside the house, McInnes's testimony regarding his observations was sufficient to establish, under the totality of the circumstances, a fair probability that contraband or evidence of a crime would be found at 9445 Cardy Street. *See Illinois v. Gates*, 462 U.S. 213,

3

238 (1983) (stating to establish probable cause for a search warrant, "all the circumstances set forth in the affidavit" must establish "a fair probability that contraband or evidence of a crime will be found in a particular place"); *United States v. Jenkins*, 901 F.2d 1075, 1080 (11th Cir. 1990) (explaining the nexus between the objects to be seized and the premises to be searched need not rest on direct observation, but can be established from the particular circumstances). Further, other than a general statement about Higdon's reliability, Ward's challenge focused only on the first transaction, but McInnes also described a second transaction at 9445 Cardy Street.

Ward failed to: (1) provide any evidence supporting his allegations the warrant affidavit contained a false statement or material omissions; (2) explain the lack of evidence in his motion; and (3) show that, even absent the alleged false statement or material omissions, the affidavit would be insufficient to establish probable cause that a search of his residence would reveal evidence of a crime. Accordingly, Ward's conviction is **AFFIRMED.**

4